The STATE of Texas, Appellant,

v.

Keithad Lamon LARUE and Sammey Ray Lusk, Appellees.

No. 13–98–279–CR, 13–98–280–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1999.

---

M. P. "Dexter" Eaves, Dist. Atty., Victoria, for Appellant.

Lane W. Vaughn, Houston, for Appellee in No. 13–98–279–CR.

W. A. "Bill" White, Victoria, for Appellee in No. 13–98–280–CR.

Before Justices YAÑEZ, RODRIGUEZ, and KENNEDY.[1]

## OPINION

KENNEDY, Justice (Retired).

This is an appeal by the State from an adverse ruling by the trial court in the two criminal cases cited above. The rulings granted motions to suppress evidence seized from a car, which evidence resulted in the return of indictments against the two above named appellees for possession with intent to deliver a controlled substance.

The facts surrounding the seizure of the controlled substance are undisputed. An officer with the Victoria Police Department had been assigned for some time to patrol the vicinity of some governmental housing units in the City of Victoria. On the occasion in question, while patrolling the grounds of one unit, the officer encountered first, appellee Larue and, later, a man who identified himself as Sam Johnson, but who turned out to be the other appellee, Lusk.

The officer had seen Lusk driving a white Chevrolet convertible earlier and, as a routine matter, called his department for a check on the license number of the vehicle. He was told that the vehicle was a rental car, registered to a company in Florida. The officer thought it unusual that the rental car from Florida had Texas license plates so he approached it to investigate. By now the two appellees and two other people had gotten into the car.

As the officer approached the car, appellee Lusk got out and approached the officer. The two had a conversation in which Lusk gave an explanation as to how he came to have the car, which explanation the officer considered to be unreasonable. Also Lusk did not have a driver's license.

The officer then called the Victoria Police dispatcher to seek information about the car. He was told that the car was nine days overdue for return to the rental agency, that it had a "repo" out on it and that

---

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

he, the officer, was requested to take custody of, and impound the car.

The officer took possession of the car and offered to give to appellees any personal property they had in the car. During the course of returning the property to appellees the officer opened the trunk and observed a jacket, a backpack, and a Ziploc baggie containing what the officer believed to be chunks of crack cocaine. The officer further testified that the cocaine was in plain view when the trunk was opened. Subsequently both appellees were arrested and indicted for possession with intent to deliver.

Following the hearing on the motion to suppress, the trial court initially denied the motion. Later, based upon evidence that a computer printout at the police station indicated that the detention of appellees was based upon a traffic stop, appellees filed motions for rehearing. They alleged that the printout contradicted the officer's testimony that the detention was based upon a "chance encounter" rather than a traffic stop. The trial court asked for letter briefs on the question whether the officer had authority to take custody of the vehicle. Following receipt of the briefs, the judge changed his ruling and granted the motion to suppress.

The State makes two arguments to support their position that the trial judge erred in granting the motion to suppress. The first is that the trial judge erred in making a ruling on a motion to suppress based on a matter not raised by the defense during the hearing on the motion. The defense had argued that the evidence showed the officer had made a traffic stop without probable cause. The State maintains that the judge's ruling had a different basis, *i.e.*, that the officer had no right to impound the vehicle. The State cites no authority to support the argument.

 We reject the foregoing State's argument. The trial court's ruling on a motion to suppress will stand if it can be upheld on any valid theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and upon appellate review, we address only the question whether the trial court improperly applied the law to the facts. *Id* at 543. The trial court's decision in a motion to suppress must be upheld if any theory is supported by the record, even if the record does not reflect or indicate that the judge relied on that theory. *Franklin v. State*, 913 S.W.2d 234, 238 (Tex.App.—Beaumont 1995, pet. ref'd.).

The Code of Criminal Procedure, in article 28.01, section (6), states:

> Motions to suppress evidence—when a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;

Thus it appears that the trial judge has a great deal of latitude in ruling on a motion to suppress and, so long as his ruling conforms to the law, we will not disturb it. We then proceed to consider whether the judge followed the law in his ruling, which is the basis for the State's second argument. This, in turn, involves whether the officer had authority to impound the car. The officer testified that at the time he drove up behind the vehicle, he had no lawful reason to detain it.

Section 31.04 of the Penal Code,[2] entitled "Theft of Service," contains within its provisions the following:

> (a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:
>
> 3. Having control of personal property under a written rental agreement, he holds the property beyond the expiration of the rental period without the effective con-

---

2. Tex. Penal Code Ann. Sec. 31.04 (Vernon 1994)

sent of the owner of the property, thereby depriving the owner of the property of its use and further rentals.

(b) For purposes of this section, intent to avoid payment is presumed if:

(2) The actor failed to return the property held under a rental agreement within ten days after receiving notice demanding return;

Subsection (c) of the act provides: "for purposes of subsection (b)(2), notice shall be in writing, sent by registered or certified mail with a return receipt requested or by telegram with a report of delivery requested, and addressed to the actor at his address shown on the rental agreement." The act was amended in 1995 to include subsection (f)[3] which provides: "Notwithstanding any other provision of this code, any police or other report of stolen vehicles by a political subdivision of this State shall include on the report any rental vehicles whose renters have been shown to such reporting agency to be in violation of subsection (b)(2) and shall indicate that the renting agency has complied with the notice requirements demanding return as provided in this section."

█ The record shows that the car was only nine days overdue when the officer took possession of it. The record does not show that notice was given in accordance with subsection (c), above, nor does it show compliance with subsection (f). The burden is on the State to show that a warrantless search comes within some recognized exception to the rule requiring a warrant for the search. *Wilson v. State*, 621 S.W.2d 799, 804 (Tex.Crim.App.1981).

█ We hold that the trial judge was correct in granting the motion to suppress. We deny the relief sought by the State herein.

**3.** Tex. Penal Code Ann. Sec. 31.04(f) (Vernon Supp.1999)